THE UNION PACIFIC RAILROAD COMPANY, a Cor-poration, *v.* CARR, Sheriff and ex officio Collector of the County of Laramie, and BOSWELL, Sheriff and ex officio Collector of the County of Albany.

Injunction—Collection of Taxes.—Where the collection of illegal taxes against a railroad company may work an irreparable injury, an injunction against the collector and other county officials will be granted.

Power of County Officers.—In the territory of Wyoming, where a question arises as to the line between different counties and the assessment of property upon the territory in dispute, the board of county commissioners or the board of equalization of either of the counties interested, is not a proper or competent tribunal to decide in which county a person or corporation shall pay taxes.

Practice.—Under such circumstances an application by bill of complaint by the taxpayer to a court of chancery, for an order that the parties in interest interplead, and for a perpetual injunction against those in error, is a proper course.

Veto.—In order to pass a bill in the legislature over the governor's veto, the bill must receive two thirds of the votes of the members actually present; two thirds of those voting is not sufficient if others members are present.

This cause came to this court in accordance with the following stipulation:

It is agreed by and between the parties to the above entitled cause as follows:

1. That an appearance shall be entered by the said defendants respectively in said cause, without process issuing, on or before the eleventh day of November, A. D. 1872, and that the said defendants on or before said date plead, answer or demur, or file exceptions to the bill of complainant herein, and that the said complainant file a replication, if he so desires, in said cause on or before said date; 2. That a certified copy of all the papers and proceedings in the cause be transmitted by the clerk of said court and register in chancery therein, to the clerk of the supreme court of said territory, to be filed in said supreme court on said eleventh day of November, 1872; 3. That all the issues in this cause be heard, argued and determined, and that final order and decree be made and entered in said cause by said supreme court, in all respects the same and with the same force and effect as though the said cause had been regularly and duly taken to said supreme court by appeal at the adjourned session of said supreme court, commencing on said eleventh day of November, A. D. 1872.

The bill of complaint alleged the following:

That the complainant was a corporation owning and running a railroad and telegraph line through the two counties above-mentioned. That the said territory of Wyoming and the said counties of Laramie and Albany claimed the right to assess and collect taxes for territorial and county purposes upon the property of complainant, the said railroad and telegraph line, and upon the road-bed, rolling stock, depots, buildings, and other property used in operating and running complainant's said railroad, and have, from time to time, so levied and assessed and collected taxes from the complainant therefor. That at the first session of the legislative assembly of Wyoming territory, begun and held in the city of Cheyenne, on the twelfth day of October, A. D.

1869, a bill was passed and became a law, entitled "An act to establish the boundary lines of Albany county and for the appointment of officers therein." That in and by said act the eastern boundary line of said Albany county, which adjoins said Laramie county on the west, was fixed at a point on complainant's said railroad, known as Buford station. That by virtue of said act the property of complainant in said territory has been, from time to time, assessed for the purposes of taxation by said Laramie county from the eastern boundary line of said territory to said Buford station, a distance of sixty-nine miles. And by said Albany county from said Buford station on the east, westwardly to to the eastern boundary line of Carbon county, a distance of ninety-five and one half miles. That at the second session of the legislative assembly of the said territory, begun and held at Cheyenne, on the seventh day of November, A. D. 1871, a bill was passed and became a law, or so it was represented to complainant, entitled, "An act defining the boundaries of Laramie county." That in and by said act the western boundary of said Laramie county was fixed at a point on complainant's said railroad, known as the center of Dale Creek bridge, being a point on complainant's said line of railroad, about nine miles west of said Buford station. That the effect of the said law was to include within the limits of said Laramie county about seventy-eight miles of complainant's said railroad and telegraph line; and to reduce the length thereof in said Albany county to a corresponding distance, so that there remained in said county about eighty-six miles of complainant's said railroad and telegraph line. That when called upon to list its property for taxation in said counties of Laramie and Albany, for the year A. D. 1872, the complainant, relying upon the provisions of the said act of the second legislative assembly of Wyoming territory, entitled, "An act defining the boundaries of Laramie county," and believing that said act should govern its return to the assessors of said counties of Laramie and Albany, made

its said return in accordance with the provisions of the said act, and returned as property subject to taxation in said Laramie county, the railroad and telegraph line of complainants, situated between said Buford station and the said center of Dale Creek bridge, together with the depots, wood stations, water stations, round house, proportionate value of rolling stock and other property therein, all being of the aggregate value of eighty-four thousand six hundred and fifty-nine dollars, and which said property theretofore had been returned for the purposes of taxation in said county of Albany.

That complainant, in making return of its property in said county of Albany, deducted from the aggregate value of its property, as returned to the assessor of said county, the valuation of said property situated between said Buford station and the said center of Dale Creek bridge, such property amounting to the valuation aforesaid. That some dispute having arisen between said counties of Laramie and Albany as to the rights of each under said law, passed at the session of the second legislative assembly of Wyoming territory, and it being claimed by said Albany county that said law was not legally and properly passed by said legislative assembly, and in consequence thereof that the said Buford station was still the eastern boundary line of said Albany county at its point of crossing complainant's said line of railroad, the board of the county commissioners of said county of Albany, acting as a board for the equalization of taxes in that county, proceeded to assess and did so assess said property, so as aforesaid mentioned, as being situated between said Buford station and said center of Dale Creek bridge as liable to assessment and taxation in the county of Albany, fixing the valuation at eighty-four thousand six hundred and forty-nine dollars, and levied a tax thereon of fifteen mills upon the dollar, the amount of said tax being one thousand two hundred and sixty-nine dollars and seventy-three cents.

That the board of county commissioners of the county of

Laramie have levied upon said property a tax of twenty-six mills on the dollar, the amount of said tax being two thousand two hundred dollars and eighty-seven cents. That by reason of the premises the said property of complainant, situated between Buford station and the center of Dale creek bridge, and of the assessed valuation of eighty-four thousand six hundred and forty-nine dollars, was assessed for the purposes of taxation by both of said counties of Laramie and Albany. That the said T. Jeff. Carr, sheriff and *ex officio* collector of Laramie county and the said N. K. Boswell, sheriff and *ex officio* collector of Albany county, had each demanded of complainant the amount of the tax levied upon said before-mentioned property by their respective counties, and that each claimed the right to collect, and threatened to collect the same by levying upon and selling certain personal property of complainant necessary to the operation of said road, to the great manifest and irreparable injury of complainant.

The bill of complaint further sets forth that complainant was ignorant of the rights of the said counties and of the said collectors thereof in the premises, and had requested the said counties and their officers to take such action as should determine their rights in and to said disputed territory, and fix and determine the rights and liabilities of the complainant in paying the tax either to said county of Laramie or to said county of Albany, but that they had each wholly failed and refused so to do. That the complainant had no interest in the matter in controversy between the said defendants or the said counties; but by reason that they persisted in their several adverse claims, and that complainant was advised that it could not safely pay the same or any part thereof to either of them, though it was ready and willing to pay either of said amounts, viz., two thousand two hundred dollars and eighty-seven cents, or one thousand two hundred and sixty-nine dollars and seventy-three cents, into court to abide the judgment thereof. That the said defendants ought to interplead touching their respective rights

in order that complainant might be informed to whom it should pay tax upon said property, and that they and each of them ought to be restrained by the order and injunction of the court from collecting or attempting to collect said taxes, or from commencing any suit in law or in equity, or prosecuting the same against complainant in respect to the matters aforesaid.

That complainant then prayed for relief in accordance with the foregoing statements and allegations, and a temporary injunction was granted by one of the justices of the supreme court, and presiding judge of the first district, at chambers. To the bill of complaint the defendant, Carr, filed a general demurrer.

The defendant, Boswell, filed an answer, in which, after admitting some of the formal allegations contained in the bill, denied that said complainant had acted in accordance with the provisions of the act of the second legislative assembly aforesaid, but alleged that it had fully returned to the assessor of the county of Albany the property mentioned and set forth in said bill of complaint as being situate between Buford station and the center of Dale creek bridge aforesaid.

The defendant Boswell, in his answer, further states that it was alleged by said defendant Boswell, and by said Albany county, that said alleged law of 1871, was not legally and properly passed by said legislative assembly, and that the facts in relation to said act were as follows: that Hon. S. F. Nuckolls introduced into the council, Council File No. 15, entitled, "A bill for an act defining the boundaries of Laramie county, at a session of the second legislative assembly of Wyoming territory, begun and held in the city of Cheyenne on the seventh of November, 1871; that said bill No. 15 passed both houses of the legislative assembly on the fifth and sixth days of December; that it was presented to the governor of said territory for his approval and signature. That on the thirteenth of the same month, said bill was returned to the council by the governor, with his veto.

That on the day following it was passed by the said council over the said veto, by a vote of seven "ayes" to two "nays," and was then sent to the house of representatives, and on motion was there put upon its passage "the veto of the governor to the contrary notwithstanding." Mr. Sheeks, the speaker, being present, was at his request excused from voting. The ayes and nays were then taken with the following result, ayes, seven; nays, three; absent, two; present but not voting, one. The speaker, Mr. Sheeks, announced the passage of the bill by a two-thirds vote, but said defendant alleged that the same had not been passed by a two-thirds vote, and that said bill never received the requisite majority; the announcement of the speaker to the contrary notwithstanding; that said bill or pretended act did not become a law of the territory of Wyoming, and that in consequence thereof the said Buford station still remained on the eastern boundary line of said county of Albany, at its point of crossing said complainant's line of railroad. To this answer complainant filed a general replication.

*W. R. Steele,* for complainant.

*W. W. Corlett,* for defendant Carr.

*C. W. Bramel,* for defendant Boswell.

By the Court, KINGMAN, J. This case is brought before this court by an agreement of the parties in writing, in which it is stipulated that all the issues in this cause be heard, argued and determined, and that final order and decree be made and entered in said cause, etc. In order to expedite business and save expense to the parties, this court have consented to examine the various questions raised in the case, and to make a final disposition of them, in the same manner it would have done had the cause been tried on its merits in the district court, and regularly brought to this court by appeal.

We have already decided at the present term of this court,

in the case of *Nash* v. *Brown,* that the act of the last legislature, by which it was proposed to change the boundary line between the counties of Laramie and Albany, was not legally passed over the veto of the governor, and therefore never became a law of this territory. This was the principal question involved in the present case, and must be decisive of them all, unless as is contended by the county of Laramie, the railroad company, in consequence of its negligence or mistake of the law, has estopped itself from setting up any defense that will protect it from paying the taxes assessed in both the defendants' counties. It is contended that our statutes have provided a tribunal in the county board of equalization, where this question should have been heard and where full and adequate justice might have been done, and as the plaintiff has neglected to apply these in due season he is now without remedy. We cannot see how the county board of equalization in either of the counties could have acted on the question involved in this case, or how the railroad company could have acted so as to avoid meeting this precise dilemma in one or the other of these counties. The emergency has not grown out of the action, or the want of action, on the part of this plaintiff, but is the necessary consequence of the assertion of a right to tax the same property in each of the defendants' counties. This is peculiarly a case for equitable cognizance, and one in which an order to interplead would seem to be the only adequate remedy; and upon such an order we are satisfied that the only result that could be reached would be a decree that the railroad company pay the tax as assessed in the county of Albany, and that the county of Laramie be perpetually enjoined from collecting or attempting to collect the tax assessed on that portion of the plaintiff's property situate in the county of Albany, and that each party pay its own costs.

And it is so decreed.