Argued 25 January, decided 27 March, 1905.

## ALLISON v. HATTON.

80 Pac. 101.

EFFECT OF RE-ENACTING STATUTE—AMENDMENT BY IMPLICATION.

1. Parts of statutes that are copied into amended statutes are usually read as parts of the original statute, when considered in connection with an intermediate conflicting statute, and only the new parts of the amended law are considered as enacted at that time.

EFFECT OF STATUTES CHANGING BOUNDARIES OF COUNTIES.

2. Hill's Ann. Laws 1887, § 2251, established the boundaries of C. county, and by Laws 1898, p. 27, an independent act, defining the boundaries of W. county, was amended, detaching a strip of territory from the southwest corner of C. county, and attaching it to W. county, and providing for recording in the latter county certified copies of C. county records affecting real estate so transferred. By Laws 1901, p. 126, Section 2251 was amended so as to change the boundaries of C. county, and include therein at the southeast corner a small section of territory theretofore not included in any county, the amendment being effected merely by a restatement or republication of such section as it existed prior to the act of 1898, only altered to include the additional territory. *Held*, that such amendment did not repeal Laws 1898, p. 27, so as to return to C. county the strip thereby attached to W. county.

TITLE OF ACT—STATUTES.

3. It is not necessary to insert in the title of an act defining the boundaries of a particular county the name of every other county adjoining at the points of change, or surrounding it, if the act establishes a new county. For instance, Laws 1898, p. 161, entitled "An act to more definitely establish the boundaries of W. county," was not void for failure of such title to contain a reference to C. county adjoining, whose boundaries were affected by the act.

ACTION TO DETERMINE SITUS OF LAND FOR TAXATION.
4. A suit by citizens and taxpayers to restrain the sale of land for taxes assessed against it is a proper remedy to determine in which of two counties plaintiffs' lands were subject to assessment.

From Columbia: THOMAS A. McBRIDE, Judge.

This is a suit by Thomas Allison and others against R. S. Hatton, as Sheriff of Columbia County, for an injunction. Plaintiffs appeal from a decree of dismissal.          AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. Samuel Bruce Huston.*

For respondent there was a brief over the name of *Dillard & Day,* with an oral argument by *Mr. Joseph Warren Day.*

MR. JUSTICE BEAN delivered the opinion of the court.

In 1885 the legislature passed an act to define and establish the boundaries of Columbia County (Laws 1885, p. 324), which became Section 2251 of Hill's Ann. Laws 1887. In 1898, by an act to amend an independent act of 1895, to establish more definitely the boundaries of Washington County, a strip of territory one mile wide and eleven miles long was taken from the southwest corner of Columbia County and attached to Washington County, provision being made in the law for recording in the latter county certified copies of the records of Columbia County affecting real estate situated in such territory: Laws 1898, p. 27. In 1901 the legislature, by an act entitled "An Act to Amend Section 2251 of Title 2, Chapter 4, of the Miscellaneous Laws of Oregon, as compiled and annotated by W. Lair Hill" (Gen. Laws 1901, p. 126), changed the boundaries of Columbia County so as to include therein at the southeast corner a small section of territory theretofore not in any county. The amendatory act of 1901 declared that Section 2251 "is hereby amended so as to read as follows," and then sets out the section in full as originally enacted, with the change in the boundary at the southeast corner necessary to include the strip of land to be taken into the county. No reference is made to the act of 1898 defining the boundaries of Washington County, and no provision made for recording in Columbia County certified copies of the records of Washington County affecting the title to lands in the disputed territory. After the passage of the

amendatory act of 1901, both Columbia and Washington counties claimed jurisdiction over the eleven sections of land taken from Columbia and attached to Washington by the act of 1898. This suit is brought by the citizens and taxpayers in such disputed territory to enjoin and restrain the sale of the land for taxes assessed against it in Columbia County, on the ground that it is within the jurisdiction of Washington and not Columbia County. The complaint was dismissed, and plaintiffs appeal.

1. The position of the defendants is that the amendatory act of 1901, defining the boundaries of Columbia County, being a later legislative declaration on the subject, operated to repeal by implication the act of 1898, defining the boundaries of Washington County, so far as the two are in conflict, and restored to Columbia County the disputed territory. The act of 1901, amending Section 2251, so far as the question here involved is concerned, is not a new legislative declaration on the subject of the boundaries of the county, but merely a restatement or republication of the law as it existed prior to the act of 1898, and is therefore not in conflict with the latter act, and does not repeal it by implication. The rule is that where a section of the statute is amended so as to read "as follows," and the section is then set forth with the changes intended to be made, those portions of the old section that are merely copied into the amendment without change are not to be considered as re-enacted or as a new statement of the law, but are to be read as a part of the earlier statute, if in conflict with another law passed after the section amended and before the amendatory act, unless there is a clear manifestation of legislative intention to the contrary. In the absence of such an intention, it is the change or additions incorporated in the section amended only that are to be considered enacted. This doctrine has been several times applied by this court, and is supported by the authorities: Endlich, Interp. Stat. § 194; *Stingle* v. *Nevel,* 9 Or. 62; *Eddy* v. *Kincaid,* 28 Or. 537 (41 Pac. 156, 655); *Small* v. *Lutz,* 41 Or. 570 (67 Pac. 421, 69 Pac. 825).

2. An examination of the amendatory act of 1901 shows that its purpose was to change the boundary of Columbia County at

the southeast corner thereof, so as to include a section of territory between that county and Multnomah which, as is asserted by counsel, was not at the time within any organized county of the State, and no intention is manifest to relocate or re-establish the boundary line between Washington and Columbia counties. No reference is made in the title or in the body of the act to Washington County, and no provision is made for recording in Columbia County copies of the records of Washington County affecting the title to land within the disputed territory, as would naturally have been the case had it been intended to make a change in the boundary of the two counties.

3. A contention is made by the defendants that the act of 1893, of which the act of 1898 is an amendment, is void, because the subject-matter thereof is not sufficiently indicated by the title. It is entitled "An Act to More Definitely Establish the Boundaries of Washington County" (Laws 1893, p. 161), and the argument is that it is insufficient because Columbia County is not mentioned therein, but we think the title is within the requirements of the constitution. It was an independent act, and the subject-matter thereof was indicated by its title. It was to define the boundaries of Washington County, and necessarily indicated a purpose to affect the boundaries of all adjoining counties. It was not necessary for the title to state the names of the counties to be affected. The title is in harmony with the practice which seems to have prevailed in this State from its organization in the matter of changing or altering the boundaries of counties and of creating new counties. If the act is void for the reason stated, the original act creating Columbia County, and that creating Multnomah County, are vitiated, and both of those counties are now a part of Washington County.

4. It is objected that there is a misjoinder of parties plaintiffs and defendants, and that plaintiffs have mistaken their remedy; but there is ample authority for the proceeding adopted in this case to test the question as to whether the lands of plaintiffs are liable to assessment and taxation in Washington or Columbia County: 1 High, Injunctions (3 ed.), §§ 540, 574, 576 and 577; 2 Cooley, Taxation (3 ed.), 1429; *Union Pacific Ry. Co.* v. *Carr,* 1 Wyo. 96; *Hays* v. *Hill,* 17 Kan. 360.

The decree of the court below will be reversed, and one entered here as prayed for in the complaint.    Reversed.

Mr. Justice Moore took no part in this decision.