Argued 13 January, decided 12 February, rehearing denied 26 March, 1907.

## BAXTER *v.* STATE.

88 Pac. 677, 89 Pac. 369.

INTOXICATING LIQUORS—CONSTRUCTION OF LOCAL OPTION LAW AS TO ELECTIONS IN AN ENTIRE COUNTY.

1. Section 10 of the local option law of 1905 (Laws 1905, pp. 41, 47), providing that a petition for an election in any county shall be effective as a petition for an election in each individual precinct in such county, and the county court shall issue an order of prohibition for each and every precinct in the county voting for prohibition, though the county as a whole votes against prohibition, means that the vote in each precinct, though cast in an election throughout the county, stands as a vote on the liquor question in that precinct without regard to the rest of the county, as well as a part of the vote on prohibition in the county at large, and is constitutional and valid.

INTOXICATING LIQUORS—CRIMES—AMENDMENT OF CITY CHARTERS.

2. The local option act of 1905, where it provides for prohibiting the selling of liquor and punishing those who do sell in violation of the order of the county court, is a general criminal statute, and therefore within the exception to Section 2 of Article XI of the Constitution of Oregon, as amended in 1906. Since that amendment cities, though having the right to enact and amend their own charters, are still subject to the prohibition order of the county court, and can neither enact nor amend so as to escape the effect of such an order.

INTOXICATING LIQUORS—EFFECT OF COUNTRY VOTE ON SALES IN CITIES.

3. A vote for prohibition in any subdivision of territory provided by statute controls throughout that entire district, regardless of the boundaries or regulations of smaller divisions that may be included therein; for instance, a prohibition vote in a precinct that includes an incorporated town is controlling on such town.

INTOXICATING LIQUORS—EFFECT OF VOTE FOR PROHIBITION ON CHARTER PROVISIONS AUTHORIZING ISSUANCE OF LICENSES.

4. The effect of Section 12 of the local option law of 1905, providing that if the election goes dry no election on that subject shall be held again in that district within two years, is simply to modify the charters of cities within the district which have provisions authorizing the licensing and regulating of sales of liquor so long as the dry spell continues. It does not suspend the charters, but puts a limitation for an indefinite period on certain of their provisions.

INTOXICATING LIQUORS—CONSTRUCTION OF LOCAL OPTION ACT WHERE PROHIBITION PREVAILS WHOLLY OR PARTIALLY.

5. Under Section 8 of the local option law (Laws 1905 c. 2, pp. 41, 45), prescribing the form of ballot for a local option election for an entire county as well as for subdivisions thereof, and Section 10, providing that where a majority of the votes in the county as a whole or in any subdivision thereof are for prohibition the court shall make an order prohibiting the sale of liquors therein, etc., if prohibition is adopted by a

county as a whole, it must be applied to the entire county though a precinct therein voted against prohibition, and if prohibition is rejected by a county as a whole, still it must be applied to a precinct therein adopting prohibition.

From Coos: GEORGE H. BURNETT, Judge.

George E. Baxter was convicted before a justice of the peace of selling liquor without a license, in violation of the local option law, which judgment was affirmed by the circuit court on a stipulation of facts, from which defendant appeals. Prior to the June election of 1906, a petition was filed with the county clerk of Coos County asking that the question, "Shall intoxicating liquors for beverage purposes be prohibited in said county as a whole?" be submitted to the voters of Coos County, Oregon, at the June election of 1906, and the ballot used at said election submitted the question to the voters in the following words, viz.:

"Vote for or against prohibition of the sale of intoxicating liquors for beverage purposes for the entire County of Coos."

The vote upon the question as stated in the ballot gave a majority of 132 votes in the county against prohibition; but in West Coquille Precinct, in which the appellant's saloon was situated, the vote on that question as stated upon the ballot gave a majority of 12 votes for prohibition. The City of Coquille is an incorporated city, situated in West Coquille Precinct, and said precinct contains territory and voters not within the city. In August, 1906, after the general election of June, 1906, the City of Coquille, by a vote of its citizens under the provisions of Section 2 of Article XI of the constitution, as amended in June, 1906, amended Subdivision 7 of Section 2 of Article IV of its charter, thereby authorizing it to license saloons, and the act of appellant complained of was by authority of such a license in said city.

The case was submitted on briefs, under the proviso of Rule 16: 35 Or. 587, 600.                    AFFIRMED.

For appellant there was a brief over the names of *Austin S. Hammond* and *Sperry & Chase.*

For the State there was a brief over the name of *George M. Brown,* District Attorney.

MR. JUSTICE EAKIN delivered the opinion of the court.

Two principal questions are involved herein on this appeal, viz.: (1) Where the question of prohibition in a county as a whole was submitted to the voters, is the law valid and constitutional wherein it authorizes the county court to issue an order of prohibition for a precinct in the county so voting for prohibition, notwithstanding the county as a whole voted against prohibition? And (2) if so, does Section 2 of Article XI of the constitution as amended authorize a city within such precinct to so amend its charter as to avoid the prohibition order of the county court?

1. Section 10 of the local option law (Laws 1905, p. 47) provides, among other things:

"A petition for an election in any county * * shall be considered as and shall have the effect of a petition for an election in each individual precinct in such county * * and the county court shall issue an order of prohibition for each and every precinct in the county voting 'For Prohibition,' notwithstanding the county as a whole * * voted 'Against Prohibition.' "

The effect of this language is that the vote in each precinct, even on a vote cast for the county as a whole, shall stand as an independent vote for that precinct for prohibition therein, as well as a part of the county vote on prohibition in the county as a whole. In *Smith* v. *Patton,* 20 Ky. Law Rep. 165 (45 S. W. 450), it was objected that the ballot did not propound to the voter the question whether druggists should be licensed to sell liquors or not, and the court holds that the requirements of the statute had been complied with, and that "the voters must be presumed to have known what they were voting for." And, being a provision of the law itself, the vote is deemed to be cast with reference thereto, as though mentioned on the ballot separately, and is presumed to be in contemplation of the voter when he casts his vote. The law is valid and constitutional in authorizing such a prohibition order by the county court.

2. The amendment of Section 2 of Article XI of the constitution, adopted in June, 1906, provides:

"The legal voters of every city and town are hereby granted power to enact and amend their municipal charter, subject to the Constitution and criminal laws of the State of Oregon."

The appellant insists that by this amendment the city can enact or so amend its own charter as to exempt the city from the terms of the local option law, claiming that the local option law does not create a crime within the meaning of the amendment. The amendment does not affect the right of the legislature or of the people by the initiative to enact any law they deem proper affecting the criminal laws of the state, and changes therein and new criminal laws will apply to the cities regardless of their charters; and the question is whether the local option law is a criminal law within the meaning of this amendment to the constitution. For the purpose of this decision we assume, without deciding, that the amendment of Section 2 of Article XI of the constitution is self-executing, as that question was not raised in this court. Section 1228, B. & C. Comp., defines a crime, and it includes both felonies and misdemeanors, and any offense, either felony or misdemeanor, defined and made punishable by general statute, is one to which the municipal charters are subject. In *Portland* v. *Erickson,* 39 Or. 6 (62 Pac. 753), it is held in effect that where, under a statute or ordinance, the enforcement of which is provided for by complaint and warrant and where the punishment provided may be fine or imprisonment, or imprisonment aside from the pecuniary penalty, such a proceeding is so far criminal in its nature, and a violation of the statute is such an offense, that it is within the terms of Sections 11 and 12 of Article I of the constitution. And the only additional requisite, under Section 2 of Article XI, is that it be a general law of the state.

But the appellant insists that the local option law is of only local operation, and not general, and for that reason cannot be deemed criminal within the meaning of the constitution. The law purports to be a general law and took effect upon the proclamation of the Governor, and only its application in a particular locality is made to depend upon the vote of that locality; and

thus it is a uniform law throughout the state. In Elliott on the Elements of Municipal Corporations, § 60, referring to local option laws, it is said: "If the law is complete when it comes from the hands of the legislature, it is a general law operative throughout the state." To the same effect are *State* v. *Pond,* 93 Mo. 606 (6 S. W. 469), and *Paul* v. *Gloucester County,* 50 N. J. Law, 585, 607 (15 Atl. 272: 1 L. R. A. 86). In *Fouts* v. *Hood River,* 46 Or. 492 (81 Pac. 370: 1 L. R. A., N. S., 483), it is held that "the crime of misdemeanor prescribed or created for a violation of the prohibition order is alike and uniform all over the state." And it is clearly a general law of the state, and comes within the exception in the amendment of Section 2 of Article XI of the constitution, and controls in cities in which it is made applicable by vote.

3. The appellant also insists that, the precinct being larger than the city limits, a few country votes may control the city on the question of prohibition, and thus affect matters of taxation within the city by depriving it of a business that might produce large revenue. But this argument has no greater force in the case of a precinct than in the case of a county as a whole. In *Smith* v. *Patton,* 20 Ky. Law Rep. 165 (45 S. W. 450), where it was objected that the City of Somerset should not be bound by the votes of the county outside its territorial limits, the court holds otherwise; and to the same effect, also, are *Cole* v. *Commonwealth,* 101 Ky. 151 (39 S. W. 1029) ; *Tatum* v. *State of Georgia,* 79 Ga. 176 (3 S. E. 907), and *Garrett Blanks* v. *Mayor,* 47 La. Ann. 618 (17 South. 238). And the state, a county, or a part of a county, may prohibit such business within its territory, and a city has no ground of complaint.

4. It is also claimed by the appellant that the application of the local option law in any locality is a suspension of the city charter relating to the licensing of the sale of intoxicating liquors, in violation of Section 2 of Article XI of the constitution; but in *Sandys* v. *Williams,* 46 Or. 327, 332 (80 Pac. 642), it is held that the local option law is a new statute relating to intoxicating liquors, and "was not intended as a substitute for

the earlier law, but only as a modification thereof when its pro-
visions become applicable to a specified district." In other words,
the city charter and the local option law must be read together.
Subdivision 7 of Section 2 of Article IV of the city charter now
has one proviso, viz., that no license for the sale of spirituous
liquors shall be granted by the common council for a less sum
than $600 per annum, and it should not be read as though it
had another proviso, viz., that no license for the sale of spiritu-
ous, malt or vinous liquors for beverage purposes shall be granted
in cases where an order of prohibition has been issued for that
locality by the county court pursuant to the provisions of the
local option law. If prohibition is not adopted in that locality
or precinct, then the charter controls in matters of licensing
saloons, and if prohibition is in force in the locality under the
local option law, then no license can issue while so in force. By
Section 12 of the local option law it is provided that, if the
result of the vote in any precinct is for prohibition, no election
thereunder shall be held within such prohibited district (except
as to the county as a whole) before the first Monday in June
of the second calendar year thereafter. In other words, that
vote is final in the territory affected thereby, and cannot be
changed, except by another election under the local option law,
and this constitutes a limitation upon the city charter and the
powers of the city within such territory. But, say the court in
*Sandys* v. *Williams,* "a majority vote for prohibition * * under
the local option law is tantamount to a remonstrance against
the granting of a license by the county court, thereby prevent-
ing the sale of intoxicating liquors in any precinct in the desig-
nated district until the vote has been regularly changed at a
subsequent election, so as to be against prohibition. * * The
refusal of a license in an incorporated town or city, in pursu-
ance of a majority vote for prohibition, under the provisions of
the local option law, is a modification of the prior acts generally
applicable to municipal corporations." And this applies equally
to charters amended under Section 2 of Article XI of the con-
stitution, and therefore does not authorize a city to so amend

its charter as to avoid the prohibition of the county court authorized by the local option law.

There being no error in the proceedings of the lower court, the judgment is affirmed.                          AFFIRMED.

---

Decided 26 March, 1907.

ON MOTION FOR REHEARING.

MR. JUSTICE EAKIN delivered the opinion of the court.

5. Attorneys for the plaintiff have filed a motion for a rehearing in this case, claiming that contentions of the plaintiff have been overlooked by the court; for instance, that "the local option law does not, as it stands, authorize a county court to issue an order of prohibition for a precinct when there has been no separate 'vote upon precinct prohibition and the county as a whole has voted 'wet.'"

Section 8 of the act (Laws 1905, pp. 41, 45) provides what the ballot shall contain, as follows:

"For said election it shall be the duty of the county clerk or the proper city authority, as provided in Section 3 of this act, to arrange the ballots and have them printed in substantially the following form:

Ballot for ―― precinct, ―― county (date of election).

1. Vote for or against prohibition of the sale of intoxicating liquors for beverage purposes, for entire county of ――.
Mark X between number and answer voted for.

    12    For Prohibition.
    13    Against Prohibition.

If an election has been called for the entire county and for no subdivisions thereof, then this form shall be substantially used for each precinct.

2. If an election has been called for a subdivision or subdivisions as well as for the entire county, then the words 'Vote for or against prohibition of the sale of intoxicating liquors for beverage purposes for the entire county of ―― and for subdivision of ―― county, consisting of precincts numbered (or named) ――,' shall be substituted in the form for the words, 'Vote for or against prohibition of the sale of intoxicating liquors for beverage purposes for the entire county of ――,'

for those precincts situated within the respective subdivisions.

3. If no election shall have been called for the entire county and only for subdivisions thereof, then the words 'Vote for or against prohibition of the sale of intoxicating liquors for beverage purposes for subdivision of —— county consisting of precincts numbered (or named) ——,' shall be substituted in the form for the words, 'Vote for or against prohibition of the sale of intoxicating liquors for beverage purposes for entire county of ——,' for the precincts within the respective subdivisions.

4. If no election shall be called for the entire county, then for those precincts desiring to vote on the question and not included in any subdivision, the words, 'Vote for or against prohibition of the sale of intoxicating liquors for beverage purposes for —— precinct only of —— county,' shall be substituted in the form for the words, 'Vote for or against prohibition of the sale of intoxicating liquors for beverage purposes for entire county of ——.'"

This section defines and prescribes the form of ballot, and no other is permissible. The clerk, therefore, cannot, on either of the first two forms, arrange for a separate vote as to an individual precinct contained in such territory. Where the ballot provides for a vote as to the county as a whole, it may also, as part of the same form or item, provide for a vote as to a subdivision of the county composed of more than one precinct, but not as to a separate precinct, and in such a case only one answer or vote is permissible as to the whole question or item. For instance, the form will be:

"Vote for or against prohibition of the sale of intoxicating liquors for beverage purposes for the entire County of Coos and for subdivision of Coos County, consisting of precincts named West Coquille and Bandon.
Mark X between number and answer voted for.

    12   For Prohibition.
    13   Against Prohibition."

If no election shall have been called for the entire county and only for a subdivision thereof, the form of ballot cannot provide for a separate vote as to a particular precinct included in such subdivision (but provision may be made on the ballot for a vote as to a precinct not included in such subdivision, if an election has been ordered for such precinct). When either of the first

two forms of ballot is used, no precinct included in such territory can have a separate vote upon precinct prohibition, but each precinct in its own territory is considered as though named on the ballot, and one vote or answer applies to both the county and the precinct, as is expressly the case under the second form of ballot for the county and a subdivision. This is clearly shown by Section 10 of the act, which declares the effect of the vote and prescribes the duty of the county court in reference thereto. It provides:

"If a majority of the votes hereon in the county as a whole, or in any subdivisions of the county as a whole, or in any precinct of the county, are 'For Prohibition,' said court shall immediately make an order * * prohibiting the sale."

This provision has reference to the result of the vote as to the territory expressly mentioned in the ballot. Thereafter this same section declares:

"A petition for an election in any county or subdivision thereof shall be considered as and shall have the effect of a petition for an election in each individual precinct in such county or subdivision thereof, and the county court shall issue an order of prohibition for each and every precinct in the county voting 'For Prohibition,' notwithstanding the county as a whole and the subdivision (if any) as a whole voted 'Against Prohibition.'"

This clause provides expressly for the prohibition order in precincts in which there can be no separate vote on precinct prohibition, and the act is not inconsistent in that it does not provide for a license within precincts voting against prohibition when the county as a whole voted for prohibition. Where prohibition is adopted by the county as a whole, it is the adoption of a policy of county government, and as such must be applied to the entire county, even though a precinct therein votes against it; but where a county as a whole votes against prohibition, it has thereby adopted no measure or policy for the county by its vote; it has only said that it will not adopt prohibition for the county as a whole; and, if a precinct in such case does adopt prohibition, it will not be in conflict or inconsistent with the county vote.

The petition is denied.      AFFIRMED: REHEARING DENIED.