KUTHE v. FARRINGTON, Chief of Police.

(District Court, D. Oregon. December 20, 1909.)

No. 5,072.

INTOXICATING LIQUORS (§ 10*)—POWER OF MUNICIPAL CORPORATION TO CONTROL—CONSTRUCTION OF CHARTER.

Where the only authority of a city in Oregon to license, regulate, or prohibit drinking places or the sale of liquors was given by a provision of its charter, which was superseded, as held by decisions of the state courts, by the adoption of prohibition at an election held under a county option statute, the city was without power to enact an ordinance prohibiting the sale of nonintoxicating liquors.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 10.*]

Application by Charles F. Kuthe, against E. A. Farrington, Chief of Police, for a writ of habeas corpus. Petitioner discharged.

Woodcock & Potter and John M. Pipes, for plaintiff.

WOLVERTON, District Judge. The petitioner was, on November 13, 1908, accused of violating Ordinance No. 788 of the city of Eugene, entitled "An ordinance to prohibit the sale of nonintoxicating malt liquor in the city of Eugene." He entered a plea of guilty, and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was duly taken in charge by the Chief of Police. Whereupon this proceeding was begun by habeas corpus to secure his liberation.

The sole question presented is whether the city of Eugene is authorized, under its charter, to adopt an ordinance of the kind under which the petitioner was being prosecuted. By subdivision 18 of section 48 of the charter, adopted in 1905 (Sp. Laws 1905, p. 252), the city was empowered "to license, tax, regulate or prohibit barrooms, drinking shops, tippling houses, billiard rooms, dance houses, and all places where spirituous, malt or vinous liquors are sold." The adoption of this provision of the charter, although slightly changed in wording, is but a re-enactment of the same provision contained in a previous charter of the city, adopted by the Legislative Assembly in 1893 (Sp. Laws 1893, p. 574). So it has been held in the state court (Renshaw v. Lane County Court, 49 Or. 526, 89 Pac. 147), with reference to this provision, that it was but a continuation of the former provision, and not a new enactment of the date of the later charter. What is known as the "local option" statute was adopted in the state June 6, 1904 (Laws 1905, p. 41). Under this statute an election was held June 4, 1906, within the county of Lane, in which the city of Eugene is located, to determine whether or not the sale of intoxicating liquors should be prohibited in the entire county, which resulted favorably to prohibition. Such election, within the purview of the local option law, had the effect to suspend the charter provisions with reference to licensing saloons or places where intoxicating liquors are sold. Renshaw v. Lane County Court, supra; Baxter v. State, 49 Or. 353, 88 Pac. 677, 89 Pac. 369; State v. County Court, 101 Pac. 907.

So that the city of Eugene is without authority to regulate the sale of intoxicating liquors. But the authority to regulate the sale of nonintoxicating malt liquors is referable, if at all, to the same charter provision. This having been superseded, as I have shown, by the force of the local option law, the authority in any form does not exist. But, however this may be, the question has been determined by the state court, namely, the circuit court of the state of Oregon for Lane county, in accordance with this view, and I feel bound by that adjudication, being a construction of the laws of the state, especially as it is based upon identical facts.

The petitioner will therefore be discharged.