Argued 13 March; decided 3 April, 1899; rehearing denied 8 January, 1900.

## MALL v. CITY OF PORTLAND.

[56 Pac. 654.]

1. MUNICIPAL CORPORATIONS—INTEREST ON SPECIAL ASSESSMENTS.—Special assessments for municipal improvements do not bear interest unless by a particular provision of law.

2. MUNICIPAL CORPORATIONS—INTEREST ON SEWER ASSESSMENTS.—Act of February 22, 1893 (Laws, 1893, p. 171), provides that a special assessment for an improvement in the City of Portland may be paid by installments, and that the assessment shall be docketed, and thereafter stand as a lien. Section 5 provides that in cases of installment payments there shall thereafter be levied annually a special tax equal to the amount of the annual installment. *Held* that, until it has been levied, no installment is "due or payable," within Portland City Charter, § 131, providing that taxes shall bear interest from the time they become "due or payable," and therefore no interest can be collected on an installment until the levy.

3. CONSTRUCTION OF PORTLAND CHARTER—INSTALLMENT ASSESSMENTS.—Act of February 22, 1893 (Laws, 1893, p. 171), § 5, relating to improvements in the City of Portland, and the issuance of bonds therefor at the election of taxpayers to pay the special assessment in installments, provides that the special tax shall be equal to ten per cent. on the amount docketed against each lot or parcel of land for and during the ten years succeeding the issuance of such bonds, together with an amount equal to any unpaid balance against such property which may appear by the lien docket. *Held*, that it contemplates that each installment shall be equal to only ten per cent. of the amount docketed against the property, and that each shall be equal in amount, and all be paid in ten years, without interest on any installments until after they become due.

4. INTEREST ON SEWER AND STREET ASSESSMENTS.—Act of February 22, 1893 (Laws, 1893, p. 171), § 5, relating to the payment of special assessments in the City of Portland, authorizes a property owner who has been given the privilege of paying an assessment in installments to discharge the lien against his property at any time after the issuance of bonds for the improvements by paying the whole amount of the assessment as entered in the lien docket, together with the full amount of the interest accrued thereon to the date of payment. *Held* not to contemplate that he shall pay interest on the installments until they are respectively levied.

From Multnomah:   LOYAL B. STEARNS, Judge.

This is a suit by W. H. Mall and others to enjoin the City of Portland and its chief of police from selling plaintiffs' property to pay a certain sewer assessment which includes a disputed item of interest. The case comes here on an appeal from a decree sustaining a demurrer to the complaint and dismissing the suit. The

facts, as disclosed by the complaint, are, in brief, that in 1895 the defendant city laid down and constructed a sewer, and assessed the cost thereof against the property benefited thereby, including that of the plaintiffs, who, within the time allowed by law, filed with the city auditor an application to be allowed to pay the cost of such improvement in installments, as provided in act of February, 1893 (Laws, 1893, p. 171). The city auditor thereupon made a proper entry of such application and the amount of the assessment in the city lien docket, as required by law, and thereafter there was levied on each of the lots and parcels so assessed and belonging to the plaintiffs a special tax equal to ten per cent. of the amount docketed against each of such lots or parcels, which, with all accrued interest thereon, the plaintiffs tendered to the city before the commencement of this suit, and demanded a receipt in full therefor, which it refused to deliver, but claimed that the plaintiffs and their property were liable for six per cent. interest on the entire assessment from the time it was docketed, in addition to the special tax of ten per cent., and interest thereon. From this summary of the complaint it will be observed that the only question in controversy is whether the city is entitled to collect interest on an assessment for sewer purposes, in addition to the ten per cent. installment thereof, when the property owners have availed themselves of the privilege of paying such assessment in installments, under the act of 1893. This act provides that whenever the proper authorities of any incorporated city having a population of two thousand five hundred or more shall have taken proceedings for the improvement of any street or part thereof, or the laying of any sewer, according to the provisions of the charter, it shall be lawful for a property owner whose assessment shall exceed $25, at any time within ten days after notice of the

amount thereof is first published, to file with the proper
officer his written application that he be allowed to pay
the cost of such improvement in installments, waiving
all or any irregularities in such proceedings ; and there-
after he shall be permitted to so pay the same.   It is
made the duty of the proper officer of the city to enter
and record all such applications in a book to be kept for
that purpose, and, at the end of ten days after the mak-
ing of such assessment and the first publication of notice
thereof, to enter in a docket to be kept for that purpose,
under separate heads for each street or sewer, by name
or number, a description of the property against which
such assessment is made, together with the name of the
owner and the amount of such assessment, which shall
thereafter stand as a lien in favor of the city against the
property described therein, until the same is completely
paid.   As soon as the lien docket is made up in the man-
ner provided, it is the duty of the city to issue and sell on
the best terms available, its ten-year six per cent. bonds,
in convenient denominations, in all equal to the amount
of all assessments against property affected by such im-
provement, and which the owners have elected to pay by
installments.

It is then provided (section 5) that "There shall
thereafter be levied on each lot or parcel of land, or other
property so assessed, and so entered in such lien docket,
annually, at the time of levying the general taxes of such
city, a special tax equal to ten per cent. of the amount of
the bonds issued for such improvement, upon the amount
so docketed against such lot or parcel of land or other
property for and during the ten years next succeeding the
date of issuance of such bonds, together with an amount
equal to the extent of any and all unpaid balances as
shall appear at the time of such levy against each such
lot or parcel of land or other property as may appear by

the lien docket of the same; *provided, however*, that at any time after issuance of such bonds, any owner at the time being of any such lot or parcel of land or other property against which such assessment is made and lien docketed, may pay into the city treasury of such city the whole amount of such assessment, and for which such lien is docketed, together with the full amount of interest accrued thereon, to such date of payment, and thereupon upon producing to the auditor, clerk, or other recording officer of such city, the receipt of such treasurer therefor (in which receipt shall be not only stated the amount of such payment, but also a description of the lot or parcel of land or other property upon which such payment is made), such auditor, clerk, or other recording officer shall enter in such lien docket, opposite the entry of the lien therein, the fact of such payment, and the date thereof, and that the lien therefor is discharged. Thereafter the annual levy of special tax provided by this act shall cease and the lien therefor shall be discharged." It is also provided that any funds accruing by virtue of this act shall be kept separate and apart from other funds of the city, and be deposited from time to time in such bank, to be designated by the council, as will pay the highest rate of interest thereon. Plaintiff appeals from a decree dismissing his bill.        REVERSED.

For appellants there was a brief and an oral argument by *Messrs. William Wallace Thayer* and *Emmet B. Williams*.

For respondent there was a brief over the names of *Joel M. Long*, City Attorney, and *Ralph R. Duniway*, with an oral argument by *Mr. Long*.

MR. JUSTICE BEAN, after stating the facts in the foregoing language, delivered the opinion of the court.

1.   It is the universal rule that a special assessment, like the one in question, does not bear interest unless the law so provides :  *Sargent* v. *Tuttle*, 67 Conn. 162 (32 L. R. A. 822, 34 Atl. 1028) .   Unless, therefore, some general statute, or provision of the charter of the City of Portland, or of the bonding act to which reference has already been made, expressly or by clear implication authorizes the defendant to levy and collect interest upon an assessment for sewer purposes, payable in installments, as provided in section 5 of the bonding act, it cannot be done.

2.   Now, it is not claimed that there is any general statute of the state touching the matter, nor does the provision of the municipal charter (section 131) that all general or special taxes shall bear interest at the legal rate from the time they become due or payable, apply to the payment of an assessment for improvements under the bonding act, where the property owners have availed themselves of the privilege of paying such assessments in installments, until after the amount thereof has been levied, as provided in said section 5, because such assessment, or installment thereof, does not become due and payable before that time.   Docketing the amount of the assessment against the particular property in the city lien docket, as provided in section 3 of the act, does not render it due and payable.   It only creates a lien on the property described therein, having priority over other liens or incumbrances, but such amount is not collectible until after the special tax provided for in section 5 of the act shall have been levied and become due and payable. Whenever an application for the privilege of paying the cost of an improvement in installments is made, and the

conditions of the law complied with, the assessment is then payable only as the installments become due, and in the particular manner pointed out in section 5. We must look, therefore, to the terms and provisions of the bonding act alone for authority to collect interest on the amount of such assessment at or prior to the maturity of such installments, and, if it is not found there, the plaintiffs must prevail in this suit.

3. It is claimed that the provision requiring the special tax to be equal to ten per cent. of the amount of the bonds issued for such improvement necessarily implies that it shall be such per cent. of the bonds and accrued interest thereon. But, even if this provision of the act stood alone, the argument does not impress us as sound, in view of the fact that, if the interest on the bonds is to be included in the amount upon which the ten per cent. is to be estimated, it would be impossible to make the annual installments of an equal amount, or to pay the entire assessment and such interest in ten installments, as the act evidently contemplates, without the property owner being compelled, after the payment on the first installment, to pay interest on the entire amount of his assessment, notwithstanding the fact that he had previously paid a portion of the principal. But, however this may be, the question seems to be put at rest by the requirement immediately following the language referred to, that the special tax shall be equal to ten per cent. upon the amount docketed against each lot or parcel of land for and during the ten years next succeeding the date of issuance of such bonds. This clearly contemplates, not only that the installments shall be equal to ten per cent. of the amount docketed against the property, but that they shall be equal in amount, and that the entire assessment shall be paid in ten years. The amount docketed as a lien against the property is

necessarily the amount of the assessment, and a special tax of ten per cent. thereof would clearly not include any interest thereon. Some contention is made, based upon the provision that, in addition to such ten per cent., an amount equal to any unpaid balance against such property, as might appear by the lien docket, shall also be included therein; but this evidently refers to installments, or parts of installments, which might remain unpaid after becoming due, and which, of course, would bear interest from the date of their maturity, under the general provisions of the charter.

4. It is also insisted that the provision authorizing the property owner to discharge the lien against his property by paying into the city treasury the whole amount of the assessment as entered in the lien docket, together with the full amount of the interest accrued thereon to the date of payment, indicates an intention on the part of the legislature that the property owners should pay the interest on bonds issued for such assessment. But this language is, in terms, confined to the payment of the assessment and accrued interest thereon, and, as we have already seen, there can be no interest on an assessment of this character until after it becomes due and payable. So that this provision must have reference to such interest as may have accrued upon unpaid installments after the maturity thereof. Under no construction which it seems to us can fairly be given to the language of the bonding act, or any provision of the city charter, is the defendant authorized to levy and collect interest on the installments for sewer or street improvements before such installments are levied, and become due and payable. That no such provision is made by law is, perhaps, unfortunate, and will impose on the general taxpayers of the municipality an inequitable burden; but it is an error for which the legislative department is alone re-

sponsible, and which the courts are powerless to correct. It follows that the decree of the court below must be reversed, and the cause remanded with directions to overrule the demurrer, and for such further proceedings as may be proper, not inconsistent with this opinion.

REVERSED.