Submitted on briefs October 11, decided November 1, 1910.

## BAYLESS v. DOUGLAS COUNTY.

[111 Pac. 384.]

SCHOOLS AND SCHOOL DISTRICTS—CHANGE OF BOUNDARY BETWEEN DIS-
TRICTS — POWER OF DISTRICT BOUNDARY BOARD — STATUTORY PRO-
VISIONS.

1. Laws 1899, p. 209, was a general law creating a uniform system
of public education. Section 19 (Section 3360, B. & C. Comp.) created
the district boundary board, and subdivision 1 thereof provided for the
commissioners of such board and their duty to make alterations in the
district boundaries when petitioned to do so "in the manner hereinafter
specified"; but that act made no provision for the manner in which the
board should proceed, so that it was without power to act. Laws 1901,
p. 24, besides amending certain sections of the act of 1899, includ-
ing section 19, with the view to providing the manner of pro-
cedure omitted from that act, added, among others, Section 26
(Section 3365, B. & C. Comp.), providing the manner in which the pro-
ceedings may be instituted and conducted by the board. Laws 1907,
p. 193, entitled an act providing for the betterment of the system of pub-
lic education in the state, etc., repealed Section 3360, B. & C. Comp., but
re-enacted it, making the subdivisions thereof into sections, subdivision 5
being modified and subdivision 17 omitted, and Section 1 being a repetition
of subdivision 1 of Section 3360. Section 3365 was not repealed. *Held,*
that the act of 1907 was intended as a part of the general statute on the
subject of education to take the place of Section 3360, which was repealed,
the manner of procedure provided in Section 3365 applying to the district
boundary board of the act of 1907 as it formerly did to that of Section
3360, and the phrase "in the manner hereinafter specified" in Section 3360
refers to Section 3365, so that the board was not deprived of a necessary
procedure by enactment of the law of 1907.

STATUTES—CONSTRUCTION—RE-ENACTMENT OF FORMER STATUTE AS PART
OF EARLIER ACT.

2. A re-enactment of a former statute is to be read as a part of the
earlier act, and not of an intermediate one, if the last act is in conflict
with the intermediate one and does not impliedly repeal it.

From Douglas: JAMES W. HAMILTON, Judge.

Statement by MR. JUSTICE EAKIN.

This is an appeal from a judgment of the circuit court
dismissing a writ of review which was issued for the pur-
pose of reviewing the action of the district boundary
board of Douglas County in the following matter:

On October 20, 1908, legal voters in school districts
Nos. 19 and 106 of that county, which are adjoining dis-
tricts, petitioned the board to change the boundary

between those districts. Notice of the petition was given by the county school superintendent and was duly posted in such districts for ten days before the hearing thereon, which was had on November 6, 1908. At that time plaintiff's herein, as directors of district No. 19, appeared and moved the board to dismiss the proceeding, on the ground that the board has no authority to act; there being no method of procedure provided by law therefor. The motion was denied, the prayer of the petition was granted and the writ was issued.

Plaintiffs appeal from the judgment of the court dismissing the writ.                              AFFIRMED.

Submitted on briefs without argument, under Rule 16 of the Supreme Court, 50 Or. 580 (91 Pac. VIII).

For appellants there was a brief over the names of *Mr. B. J. Howland* and *Messrs. Fullerton & Orcutt.*

For respondents there was a brief over the names of *Mr. George M. Brown* and *Messrs. Coshow & Rice.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. But one question is suggested upon the appeal, viz., whether the district boundary board is without authority to act in this case, for the reason that no method of procedure is provided by law. Plaintiffs contend that the act of the legislature of 1907 (Laws 1907, p. 193), providing for the betterment of the system of public education in the state, is not a re-enactment of the former statute upon the same subject, but a new and independent statute, and therefore is not affected by other portions of the earlier statute which provide a method of procedure. We cannot agree with this view.

In 1899 (Laws 1899, p. 209) a general law was passed by the legislature to provide a uniform system of public education. By Section 19 (Section 3360, B. & C. Comp.) the district boundary board was created, and in subdi-

vision 1 thereof it is provided that "the superintendent and the county court, or the board of commissioners in counties where this board is a separate body, shall constitute a board for laying off his county in convenient school districts, such board to be styled the district boundary board. Said board shall make alterations and changes in the same when petitioned so to do, in the manner hereinafter specified."

In *School District* v. *Palmer*, 41 Or. 485 (69 Pac. 453), this court held that, as that act made no provision for the manner in which the board shall proceed, it was without power to act. Thereupon the following legislature (Laws 1901, p. 24) besides amending Sections 12, 19, and 22 of the act of 1899, with the view to providing the manner of procedure omitted from that act, added, under title 4, among others, Section 26 (Section 3365, B. & C. Comp.), which prescribes the manner in which the proceedings may be initiated and conducted by the board. The act of 1907 repeals Section 3360, B. & C. Comp., but re-enacts it with some additions; Section 1 thereof being a repetition of subdivision 1 of Section 3360, which contains the clause above quoted. The title of the act of 1907 begins with the words, "An act providing for the betterment of the system of public education in the State of Oregon."

Section 3360 was divided into 23 subdivisions. The act of 1907 marks these subdivisions as sections. Subdivision 5 is modified, and subdivision 17 is omitted from the latter act. Otherwise Section 3360 is repeated literally therein with some additions. The first sentence of the title of that act shows it to be intended as a part of the general statute on the subject of education. Section 3365 is not repealed, and, in fact, the act of 1907 is intended to take the place of Section 3360, which it repeals. The manner of procedure provided in Section 3365 applies to the district boundary board of the act of 1907 as it formerly did to that of Section 3360. The

act of the legislature (Laws 1905, p. 50) applying to counties having 20,000 children of school age is in the same condition as that of 1907. It is a re-enactment of Section 3360 with slight changes.

2. In *Small* v. *Lutz*, 41 Or. 570 (67 Pac. 421: 69 Pac. 825), it is held that a re-enactment of a former statute is to be read as a part of the earlier act, and not of the new one, if the latter is in conflict with another act passed after the former, but before the latter, and does not impliedly repeal the intermediate act. This principle is applied by Mr. Justice MOORE in *Renshaw* v. *Lane County Court*, 49 Or. 526 (89 Pac. 147), where the new statute was a re-enactment of the old, holding that it is only a new statute as to the changes made. In the first case cited the new statute was an amendment, but in the latter case the later law is a new charter and does not purport to be an amendment. Nevertheless, it is held to be a re-enactment. This principle is restated in *City of Eugene* v. *Willamette Valley Company*, 52 Or. 490 (97 Pac. 817). In *State ex rel.* v. *Malheur County*, 54 Or. 255 (101 Pac. 907: 103 Pac. 446), the act construed was not an amendment in name. The old charter incorporated the "town of Vale." The new one incorporated the "city of Vale." In the opinion Mr. Justice McBRIDE refers to the fact that the act does not purport to amend the old charter, and holds that the portions of the old charter adopted in the new, are re-enactments and must be interpreted accordingly.

In the case before us the act of 1907 must be considered as a re-enactment of such portions of Section 3360 as are unaltered by the new law, which is the case as to section 1 of the act of 1907. And the language in that section, "in the manner hereinafter specified," refers to Section 3365, B. & C. Comp. Without the words quoted, that section would apply. The legislative intent is plain that the act of 1907, in so far as it relates to the same subject, should be substituted for Section 3360.

The judgment is affirmed.	AFFIRMED.