Argued May 26, affirmed June 22, rehearing denied July 27, 1915.

# PORTLAND *v.* BLUE.

(149 Pac. 548.)

**Municipal Corporations — Improvements — Charter Provisions — Ordinances.**

1. Under Portland City Charter of 1913, Section 284, which declared that the provisions of the former charter relating to public improvements by local assessments, including Sections 400 and 401 thereof, authorizing the adoption of a reassessing ordinance and providing for appeal from such reassessment, should remain in force as ordinances only, those sections remain in force by the terms of the charter, and are not void as no longer based on the authority contained in the charter.

**Municipal Corporations—Improvements—Charter Provisions—Reassessment of Benefit—Change in Charter.**

2. Reassessment proceedings under those sections, an appeal from which was pending in the Circuit Court when that charter was adopted, were not interrupted by the change from charter provisions to ordinances, and that appeal can thereafter be determined by the court the same as if the charter had contained an express authorization to enact such ordinances and they had been enacted by the council or voters.

From Multnomah: GEORGE N. DAVIS, Judge.

In Banc.    Statement by MR. JUSTICE HARRIS.

This is a proceeding by the City of Portland against H. R. Blue for the reassessment of lands for the construction of a sewer.

In 1903 the legislature enacted a charter for the City of Portland: Sp. Laws 1903, p. 3. The charter provides by the terms of Section 400 that whenever an assessment for the construction of a sewer has been set aside, or when the council shall be in doubt as to the validity of such assessment, the council may by ordinance make a reassessment upon the land benefited by the improvement; the council is required to declare by resolution the district that will be benefited by the improvement for which the reassessment is made, and to direct the auditor or the city engineer to prepare a

preliminary assessment; upon the passage of such resolution the auditor shall give notice that such assessment is on file in his office and the time at which the council will hear and consider objections; the auditor is also required to mail a notice to each property owner; the property owners are afforded an opportunity to file objections to such assessment; after hearing and determining all objections the council is empowered to pass the reassessment ordinance, whereupon the assessment shall be entered in the docket of city liens and is enforced and collected in the same manner as other assessments for local improvements.

So far as material herein Section 401 reads thus:

"Any person who has filed objections to such new assessment or reassessment, which have not been satisfied by the amendments made by the council, may appeal to the Circuit Court of the State of Oregon for the County of Multnomah from the assessment against any property owned by him, or in which he has an interest. An appeal shall be taken by serving notice of appeal, within twenty days from the passage of the ordinance adopting the assessments as amended, upon the mayor, auditor, or city attorney, and filing the same, with the proof of service, together with an undertaking with one or more sureties, who shall have the qualifications of sureties on appeal from the Circuit Court to the Supreme Court, and, if excepted to, shall justify in like manner, conditioned that such appellant will pay all costs and disbursements that may be awarded against him on appeal, not exceeding $500. * * Any number of persons may join in such appeal, and the only question to be determined therein shall be the amount of special benefits equitably to be assessed against the property of each person joining in said appeal. The jury shall view the property assessed, and its verdict shall be a final and conclusive determination of the question. * * The city shall be considered the plaintiff, and such appeal shall be con-

ducted and be heard and determined, as far as practicable, in the same manner as an action at law.''

In 1906 the state Constitution was so amended as to grant to the legal voters of municipalities the power to enact and amend their charters: Section 2, Article XI. And at the same time a further amendment was adopted extending the initiative and referendum to municipal legislation: Section 1a, Article IV. Acting under the authority of the constitutional amendments the electors of Portland, on May 3, 1913, adopted an amended charter providing for a commission form of municipal government, which became effective July 1 of that year. The new or amended charter declares in Section 284 that so much of ''Sections 362 to 421, inclusive, of the charter of 1903 as is not inconsistent with the provisions of this charter shall remain in full force and effect as ordinances only subject to repeal and amendment, and to the enactment of new legislation by the council in the manner and subject to the restrictions in this section provided upon the subject of improvements of whatever nature to be paid for by local assessment.'' Considered as ordinances, Sections 400 and 401 have not been amended or repealed since May 3, 1913.

The common council of the City of Portland on November 11, 1911, passed an ordinance reassessing the property of defendants for the construction of a system of sewers known as Riverside sewer district, and on the following day the ordinance was signed by the mayor. The defendants on December 1, 1911, appealed from the assessment ordinance by filing a notice of appeal together with an undertaking in the Circuit Court. After a trial in the Circuit Court a judgment was entered sustaining the assessment, but thereafter a motion for a new trial was granted. The

cause came on for trial a second time on March 30, 1914, and a judgment was again obtained confirming the reassessment, whereupon the defendants appealed.

AFFIRMED. REHEARING DENIED.

For appellant there was a brief and an oral argument by *Mr. Ralph R. Duniway.*

For respondent there was a brief over the names of *Mr. Lyman E. Latourette, Mr. Richard W. Montague* and *Mr. Walter P. La Roche,* City Attorney, with oral arguments by *Mr. Latourette* and *Mr. Montague.*

MR. JUSTICE HARRIS delivered the opinion of the court.

Immediately after counsel made their opening statements to the jury at the second trial the defendants objected to the introduction of any evidence and moved that the cause be dismissed, for the reason that Sections 400 and 401 of the charter of the City of Portland, under which the appeal had been taken, and by virtue of which the trial was being held, were repealed by the adoption of the commission charter on May 3, 1913, and there was no longer any statute under which to proceed in the trial of that case. It will be borne in mind that the reassessment was made by the council, and the appeal taken by the defendants, while the 1903 charter was in effect and before the adoption of the 1913 charter, and that the final trial in the Circuit Court occurred in 1914.

The contention of defendants proceeds upon the theory that an ordinance to be valid must be referable to a power expressed in the charter; that Sections 400 and 401 in their character as ordinances are not supported by any power contained in the 1913 charter per-

mitting a reassessment, and that therefore the ordinances are void because without charter authority; that the appeal from the reassessment ordinance while Section 401 existed as a part of the city charter had the effect of suspending, staying and vacating the reassessment ordinance, thus leaving the assessment proceeding incomplete and ineffective; that the 1913 charter having repealed the 1903 charter and the former instrument containing no power to reassess, such repeal before a consummation of the assessment proceeding by a trial in the Circuit Court, deprived the court of jurisdiction to proceed, destroyed the right to recover as well as the obligation to pay, and left the assessment proceedings exactly as they would be if the power to reassess had never existed at any time.

1, 2. Applying the rule announced in the kindred case of *Robertson* v. *Portland, ante,* p. 121 (149 Pac. 545), Sections 400 and 401 have the sanction of charter authority because they are directly referable to the charter of 1913, which instrument by the force of its own terms re-enacts Sections 400 and 401 as ordinances, thus giving to the ordinances not only the requisite authority, but also the express indorsement of a charter. Although Sections 400 and 401 were changed from charter provisions to ordinances, nevertheless, the change was wrought by a charter; and while there was a change in the nature of the sections still the continuity of their existence was not interrupted, and consequently no break occurred in the reassessment proceedings: *Renshaw* v. *Lane County,* 49 Or. 526 (89 Pac. 147); *State* v. *McGinnis,* 56 Or. 163 (108 Pac. 132); *Bayless* v. *Douglas County,* 57 Or. 301 (111 Pac. 384); *State* v. *Schluer,* 59 Or. 18 (115 Pac. 1057); *Woodburn* v. *Aplin,* 64 Or. 610 (131 Pac. 516); *Rosa* v. *Bandon,* 71 Or. 510 (142 Pac. 339). There has

not been any amendment or repeal of Sections 400 and 401 since May 3, 1913, but they are in the exact form in which they appeared when their adoption as ordinances was brought about by the 1913 charter; and having the sanction and support of a charter the reassessment sections, even though they are now ordinances, are effective to the same extent and in the same degree as though the charter had contained in express power couched in appropriate language permitting the enactment of like ordinances, and the council or legal voters had thereafter and in a separate proceeding passed such ordinances. The council had authority to pass a reassessment ordinance before the adoption of the 1913 charter, and that body still has the same right. The power to make local improvements and levy assessments was not destroyed or relinquished when the 1913 charter became effective. The judgment of the Circuit Court was an exact confirmation of the reassessment as made by the council, and the defendants cannot avoid the reassessment.

The judgment is affirmed.

AFFIRMED.    REHEARING DENIED.

MR. JUSTICE BURNETT did not sit.