Argued October 4, affirmed October 24, rehearing denied November 11, 1916.

## GILES *v.* ROSEBURG.

(160 Pac. 543.)

**Municipal Corporations — Assessment for Public Improvements — Extras.**

1. Under a city charter authorizing the council to levy an assessment on lands specially benefited to pay the whole or any part of the expense of a public improvement, but making no specific provision for assessment to pay the incidental expenses of such improvement, the amount paid the city engineer for superintendence and the amount paid for the abstract of the property owners and the clerical work of preparing the assessment cannot be included in the assessment for the improvement.

> [As to purposes for which a municipal corporation may levy an assessment, see note in 16 Am. St. Rep. 365.]

**Municipal Corporations—Assessment for Public Improvements—Interest.**

2. Under a city charter providing that all general or special taxes levied for public improvements should bear interest at the legal rate from the time they are delinquent, the interest on warrants drawn in favor of contractors for a public improvement from the date of such warrants until the assessment was levied and the lien attached is not chargeable against the property owners.

From Douglas: GEORGE F. SKIPWORTH, Judge.

This is a suit by E. L. Giles (substituted for Ida C. Giles), I. S. Ketch, W. H. Park, E. H. Lenox, Emma J. Lenox, Lucie Ingels, F. C. Flagler, O. C. Brown and

A. J. Geddes against the City of Roseburg, Carl E. Wemberly, city recorder, T. J. Williams, city marshal, and Agnes M. Pitchford, city treasurer, of the City of Roseburg, to enjoin the enforcement of part of a special assessment. There was a decree in favor of plaintiffs, from which the defendants appeal.

AFFIRMED. REHEARING DENIED.

For appellants there was a brief over the names of *Mr. Carl E. Wemberly* and *Mr. Albert Abraham,* with an oral argument by *Mr. Wemberly.*

For respondents there was a brief and an oral argument by *Mr. A. N. Orcutt.*

Department 1. Opinion by MR. CHIEF JUSTICE MOORE.

This is an appeal by the defendant from a decree enjoining the enforcement of that part of a special assessment which undertook to impose upon the several tracts of real property in a designated district, asserted to have been benefited by a street improvement, the following charges: For engineering, $350; for interest, $108.37; for an abstract, $15.75; and for clerical work, $21.81. The question to be considered is whether either of these items constitutes a valid charge against the real property affected by the improvement.

1. In *Smith* v. *City of Portland,* 25 Or. 297 (35 Pac. 665), it was held that in the absence of a provision in an ordinance authorizing a public improvement, or a general provision in a city charter, extras or incidentals incurred in making the improvement could not be charged against the property benefited. Section 66 of the charter of the City of Roseburg declares:

"The common council shall have power * * to levy and collect assessments upon all lots and parts of

lots and parcels of land specially benefited by such
improvements for the purpose of defraying the whole
or any part of the cost and expense thereof.''

It appears from the testimony that the defendants'
engineer does not receive a regular salary, but is paid
a stated daily compensation for the services which he
renders. He received in this instance, as evidence of
the remuneration due him for superintending the im-
provement, warrants drawn on the general fund, and
not upon the fund arising from the special assessment.
We have been unable to find any clause in the charter
or in the ordinance under which the improvement was
made that expressly authorizes the imposition of any
part of the engineer's charges against the property
benefited. When it is kept in mind that the levy of a
special assessment is a proceeding *in invitum,* and that
the authority in this instance to impose upon the real
property the burden of the engineer's charges for
supervising the work is not apparent from an inspec-
tion of the charter or the ordinance under which the
improvement was made, so that the owners of the land
would have proper notice of the cost of the extra work,
the court properly excluded the item of $350 as an inci-
dental incurred in making the improvement.

What has been said with respect to the engineer's
charges will apply with equal reason to the items of
$15.75 for an abstract, showing the names of the own-
ers of real property affected by the improvement, and
$21.81 for clerical work in making up the assessment
so as to lay upon each tract of land benefited by the
improvement its ratable share of the cost thereof.
These items were also properly excluded.

2. The testimony shows that warrants were drawn
in favor of the contractors for the value of installments
of the work as they were performed, and interest on

these warrants, $108.37, was charged for the alleged detention of the money by reason of the nonpayment of the assessment. In *Mall* v. *City of Portland,* 35 Or. 89, 93 (56 Pac. 654, 655), Mr. Justice BEAN observes:

"It is the universal rule that a special assessment, like the one in question, does not bear interest unless the law so provides."

Section 97 of the charter of Roseburg reads:

"All general or special taxes levied, as provided and authorized in this act, and all assessments for the improvements, widening, or repairing of streets or alleys, or for laying sewers or drains, and every part thereof, shall bear interest at the legal rate from the time it is delinquent until paid or collected."

It appears that no assessment was made for the improvement until five months after it was finished. Until an owner of the real property benefited could tell with certainty what sum he should pay as his share of the burden imposed, he could not be delinquent in withholding his part of the assessment. He was therefore not chargeable with interest until the lien attached. No error was committed in excluding that item.

The decree should therefore be affirmed, and it is so ordered.          AFFIRMED.   REHEARING DENIED.

MR. JUSTICE BENSON, MR. JUSTICE BURNETT and MR. JUSTICE MCBRIDE concur.