Argued April 11, reversed April 24, rehearing denied May 22, 1917.

# WEST *v.* SCOTT–McCLURE LAND CO.

(164 Pac. 554.)

**Municipal Corporations—Benefit Assessments—Appeal to Circuit Court.**

1. Portland City charter provides for reassessment against property whenever a benefit assessment has been set aside or declared void, or its enforcement refused by any court, directly or indirectly, or when the council shall be in doubt as to its validity. Section 400 relates to procedure. Section 401 provides that one who has filed objections to a reassessment or new assessment which have not been satisfied, etc., may appeal to the Circuit Court of a named county, and that the jury shall view the property assessed, and its verdict shall be final and conclusive, etc. If the assessment is not paid within 30 days, the treasurer may collect delinquent assessments by sale in the manner provided by law for the sale of real property on execution, except as in the charter otherwise provided, and the purchase price is limited to the unpaid assessment and the interest and cost of advertising and sale. The sale conveys to the purchaser subject to redemption all the estate, interest, or claim of any person, together with all rights, etc. No levy is required except that a notice shall be posted four weeks upon every lot assessed to an unknown owner. Defendant purchased plaintiff's land at a sale by the city of Portland after an appeal by plaintiff to the Circuit Court on the amount of benefits to be assessed against his property, the result of which was that the original apportionment by ordinance making the assessment was affirmed: Sections 411 and 412. It is contended that the judgment of the Circuit Court must be enforced by execution; that a sale by the treasurer for liquidation of the demand was void and created no right or claim in the purchaser. *Held,* that authority for such sequestration of property must be found in the charter and pursued strictly, and that the only question to be determined by the Circuit Court is the amount of special benefits assessed to the property, and the assessment is to be enforced by sale of property by the treasurer; no execution being required.

[As to nature of proceedings to collect improvement taxes, see note in 133 Am. St. Rep. 930.]

**Municipal Corporations—Assessments—Void Sale—Rights of Purchaser—Repayment of Sale Price.**

2. City Charter of Portland, Section 419, requiring plaintiff in a suit to quiet title to land sold for delinquent assessments to deposit in court with his first pleading the purchase price at the previous sale with penalty and interest to be paid to the purchaser in case the right or title of such purchaser at such sale shall fail in such action, suit or proceeding, is unconstitutional and void, since it is in effect taking one man's property and giving it to another.

From Multnomah: ROBERT G. MORROW, Judge.

This is a suit by Fred West against the Scott-McClure Land Company, a corporation, to quiet title. From a decree in favor of plaintiff, defendant appealed. Reversed.

Department 1.   Statement by MR. JUSTICE BURNETT.

This is a suit to quiet title to real property in the City of Portland.   The complaint is in the usual form and calls upon the defendant to set forth its estate in the land to the end that the plaintiff's title may be declared paramount to and exclusive of the claims of the adverse party.   There are two defenses, one in abatement and the other to the merits.   The first gives a brief history of the action of the city council of Portland under its ordinance No. 24,280, entitled "An Ordinance making a reassessment for the construction of a sewer system known as Riverside District Sewer," culminating in a sale of the realty in question on May 14, 1914, by the treasurer of the City of Portland who is ex officio collector of delinquent assessments.   The defendant bought the tract thus offered for $100.65, and received a certificate from the treasurer to that effect.   The plea in abatement closes with the declaration:

"That the plaintiff has not tendered or paid into court the said sum of money for which said property was sold or any part thereof, or any interest or penalty thereon as provided in said certificate of sale and as provided in the charter of the City of Portland."

The defense to the merits gives a more detailed history of the proceedings of the city under the ordinance mentioned, including an appeal by the plaintiff here to the Circuit Court of Multnomah County on the

amount of benefits to be assessed against the land, the result of which was that the original apportionment as declared by the ordinance was in all things affirmed. It is said that the judgment of the Circuit Court therein has never been vacated nor set aside and the assessment has never been paid. Then follow allegations respecting the further action of the city treasurer terminating in a sale by that officer to the defendant and an issuance to it of the treasurer's certificate of which it is still the holder whereby the defendant claims a lien was created upon the premises in its favor. The Circuit Court sustained a general demurrer to both defenses. The defendant declined further to plead and there followed a decree quieting the title of the plaintiff and awarding him costs and disbursements. The defendant appeals.

REVERSED.

For appellant there was a brief with oral arguments by *Mr. Lyman E. Latourette* and *Mr. Frank Schlegel.*

For respondent there was a brief over the names of *Mr. Ralph R. Duniway* and *Mr. C. L. Whealdon,* with an oral argument by *Mr. Duniway.*

MR. JUSTICE BURNETT delivered the opinion of the court.

The principal contention on the part of the plaintiff in support of his demurrer to the answer on the merits is that the assessment having been taken into the Circuit Court on appeal and the matter having been determined there as stated, the result is a judgment of that court in favor of the city for the amount of the charge involved which must be enforced by an execution out of that court, in consequence of which the sale

by the treasurer for the liquidation of the demand was utterly void and created no right or claim in favor of the purchaser. The charter of Portland under which these proceedings were had provides for a reassessment against property whenever an assessment for the opening of a street or the construction or repair of a sewer shall have been set aside or declared void, or its enforcement refused by any court of this state or any federal court having jurisdiction therein, whether directly or by virtue of any decision of those tribunals or when the council shall be in doubt as to its validity in whole or in part. The procedure for that purpose is prescribed in Section 400 of the charter of Portland. Section 401 provides partly as follows:

"Any person who has filed objections to such new assessment or reassessment which have not been satisfied by the amendments made by the council may appeal to the circuit court of the state of Oregon for the county of Multnomah from the assessment against any property owned by him or in which he has an interest. * * Any number of persons may join in such appeal and the only question to be determined therein shall be the amount of special benefits equitably to be assessed against the property of each person joining in the appeal. The jury shall view the property assessed and its verdict shall be a final and conclusive determination of the question. * * And such appeal shall be conducted and be heard and determined so far as practicable in the same manner as an action at law."

It is laid down in substance in Section 402, that if the amount assessed by the jury be not less than that mentioned in the assessment appealed from, judgment, in addition to declaring the proper apportionment shall be entered against the appellant and his sureties for his proportion of the costs of such appeal. If within thirty days from the date of the entering of such assessment in the docket of city liens the sum

assessed upon any parcel of land is not wholly paid to the treasurer and his duplicate receipt therefor filed with the city auditor or the assessment is bonded as provided by law, the auditor makes up and transmits to the treasurer a list of delinquencies as they appear upon the docket, whereupon the treasurer proceeds to collect those not paid and named in such list by advertising and selling the tracts in the manner provided by law for the sale of real property on execution except as in the charter otherwise provided. The purchase price is limited to the unpaid assessment and the interest and cost of advertising and sale. The competition at the sale is on the penalty and interest, the amount being awarded to the bidder offering to take the same for the least amount of those two items. Under the charter a. sale conveys to the purchaser subject to redemption as provided therein, all estate, interest, lien or claim upon the same of any person, together with all rights and appurtenances belonging thereto. No levy is required except that a notice shall be posted four weeks upon every lot assessed to an unknown owner: Sections 411 and 412.

1. Throughout it is purely a charter proceeding. Authority for this sort of sequestration of property must be found in that instrument and pursued strictly according to its terms. We note that the only question to be determined by the Circuit Court shall be the amount of special benefits to be assessed to the property of an appellant and that the verdict of the jury shall be final and conclusive. Under the municipal organic act the Circuit Court is made an instrument of the city in the process of assessment. In the matter in hand, that tribunal is not exercising the general jurisdiction conferred upon it by the constitution and laws of the state. In charter affairs it is limited

strictly to what is laid down there for it to do. It does not make a new and independent assessment. Its service is ancillary only. It merely considers and affirms or revises the amount already visited upon the property by the city ordinance. Its doings are part of the machinery of the city for its own purposes. After the court has executed its power and entered the result thereof upon its journal its function is fully performed and the result is none the less a city assessment to be enforced as required by the charter. There is no provision in that document authorizing or allowing the court to issue its own process to enforce the city's claim. The municipality itself is clothed with the only express power on that subject, which is a sale conducted by the treasurer. The mention of that means of collecting the impost upon the property is exclusive of all others. It would have been quite as competent for the legislative power to have provided that the assessment should be considered by any body of men other than the judge and jurors of the Circuit Court. The mere fact that they are regularly charged with the administration of the law in other respects does not confer upon them any more authority than what is expressed in the charter. Their function is complete when they have ascertained and declared the amount to be paid by the property holder. They are not authorized to take any other step or to actually collect the apportioned amount. The assessment does not lose its character or identity as such or become anything else because the judge and jury participated in fixing the amount and the charter having declared the manner in which city demands of that kind be collected, to wit, by a treasurer's sale, the power must be exercised in that manner and no other. This

disposes of the demurrer to the answer to the merits adversely to the plaintiff.

2. Under the precedents already established in this state, however, a different conclusion must be reached on the objection to the plea in abatement. It is urged in that behalf that the plaintiff cannot maintain a suit to quiet title against a sale by the treasurer without depositing with his first pleading the amount paid by the purchaser to be turned over to the latter if his title shall fail. It has been laid down several times by this court that when a municipality has carried its proceedings to actual sale, although under a void proceeding, it has exhausted its power against the particular property; that the purchaser is subject to the rule of *caveat emptor* and has no claim against the city or the true owner of the property for reimbursement and that the city cannot again exercise its authority in the purchaser's favor to obtain for him the repayment of the purchase price: *Dowell* v. *Portland,* 13 Or. 248 (10 Pac. 308); *Keenan* v. *Portland,* 27 Or. 544 (38 Pac. 2); *Gaston* v. *Portland,* 41 Or. 373 (69 Pac. 34, 445); *Gaston* v. *Portland,* 48 Or. 82 (84 Pac. 1040); *Hughes* v. *Portland,* 53 Or. 370 (100 Pac. 942); *Evans* v. *Meridianal Co., ante,* p. 246, 163 Pac. 1165), filed April 3, 1917. The principle is thus declared respecting the charter under consideration:

"That part of Section 400 providing that, when the property has been sold for the payment of a delinquent assessment, and the sale has been declared void, the property shall be reassessed and the proceeds paid to the purchaser in the prior sale, is unconstitutional and void, because it is, in effect, the taking of one man's property and giving it to another."

The doctrine is not altered by the provisions of Section 419 requiring the plaintiff in a suit to quiet title

to deposit in court with his first pleading the purchase price at the previous sale with penalty and interest to be paid to the purchaser, "in case the right or title of such purchaser at such sale shall fail in such action, suit or proceeding." To require as a condition precedent to maintaining the suit that the plaintiff should deposit any sum of money to be given to his adversary in case of the failure of the latter's title would be merely another form of taking the property of the plaintiff and giving it to the defendant, bringing it within the principle of the excerpt above quoted. The demurrer to the plea in abatement should have been sustained. For the reasons already stated, however, the demurrer to the defense on the merits was not well taken and the decree of the Circuit Court is therefore reversed.

REVERSED. REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BENSON and MR. JUSTICE HARRIS concur.

―――――――

Motion to dismiss appeal allowed May 22, 1917.