Argued December 11, modified December 27, 1917.

# ELLIOTT v. CITY OF PORTLAND.*

(169 Pac. 504.)

**Municipal Corporations — Collection of Special Assessments — Sale of Land.**

1. Under the Portland Charter, the city may collect a reassessment for a public improvement by a city treasurer's sale instead of enforcing the judgment confirming the reassessment by execution.

**Municipal Corporations — Assessment for Public Improvements — Interest.**

2. Portland Charter, Section 400, authorizing reassessments for public improvements, provides that interest thereon, from the date of delinquency of the original assessment, may be added at the discretion of the council. Section 407 provides that the docket of city liens is a public writing, and that from the date of the entries therein of an assessment, the sum as entered is a tax levied and a lien upon the property, and that the sum entered shall be due and payable from the date of such entry, and if not paid within ten days shall be deemed delinquent and bear interest at the legal rate. Section 401 provides that any person who has filed objections to a reassessment, which have not been satisfied by the council, may appeal to the Circuit Court. *Held*, that interest on a reassessment from the date of the delinquency of the original assessment cannot be collected, where the reassessment ordinance contains no provision for interest, and where an appeal is taken from the reassessment to the Circuit Court and then to the Supreme Court, the assessment does not bear interest until ten days after the judgment of the Circuit Court, confirming it, becomes final by the filing of the mandate from the Supreme Court.

**Municipal Corporations—Assessment for Public Improvements—Review.**

3. An appeal to the Circuit Court, under Portland Charter, Section 401, from a reassessment for a public improvement, transfers the assessment proceeding, as to those parties who appeal, to the Circuit Court.

**Municipal Corporations—Assessment for Public Improvements—Sale—Costs and Expenses.**

4. Where appeals were taken, under Portland Charter, Section 401, from a reassessment for a public improvement, the assessments against the property of those who appealed were not delinquent, while the appeals were pending, and no valid sale of the property could be made, though the property owners did not take measures to stay proceedings under the reassessment ordinance, and the cost of advertising the property on attempted sales could not be collected from the property owners under Section 412, providing that each piece of land shall be sold for a sum equal, but not exceeding the unpaid assessment, and the interest and cost of advertising and sale.

*On the question of implied right to interest on taxes or assessment for public improvement, see note in 6 L. R. A. (N. S.) 694.

Municipal Corporations—Assessment for Public Improvements—Cancellation of Illegal Items.

5.  Where a city was about to sell property for the purpose of collecting a reassessment for a public improvement, and was claiming the right to collect interest and expenses, which it was not entitled to collect, the property owners had no remedy at law affording them adequate relief, and equity would lend its aid to cancel the illegal items on the docket of liens.

From Multnomah: ROBERT G. MORROW, Judge.

This is a suit by W. C. Elliott, Geo. A. Young and Nellie E. Young, F. J. Shuldt, W. D. Helene, U. G. Love, J. R. Criger, E. V. Deickworth, E. C. Brown and S. A. Brown, G. H. Austin and L. G. Austin, D. D. Ogle and Tillie V. Ogle, C. I. Snyder, S. E. Snyder, Otto and Anna Svoboda, Ida Bush, Charles Lomerine, J. G. Mann, John Simon, Fred West, L. L. Mallett, C. A. Ames and E. F. Ames, H. R. Blue, Grace L. Finley, L. G. Brazen, Alfred Carlberg, Magnus Carlquist, J. C. and L. J. Winfield, C. L. Olsen, C. J. Engberg, Mary A. Smith, W. C. Lindsey, Julia L. Ruble, Sarah A. Nolta, Bessie Smith, H. A. Ruble, John P. McDonough, S. W. and W. M. Sawyer, H. F. Liebermann, R. S. Leigh, Ira D. Baker, Oscar Briethaupt, Luke Stoneman, A. F. Swenson, A. E. Oberg, John Tierney, Roscoe and Marie Yokum, Walter Hughes, Florence Olson, Carrie Olson, Elizabeth Cox, M. L. McMahon, E. M. Orth, E. L. Casey, E. D. Casey, T. C. Shaw, B. G. Selberg, A. A. and S. D. Young, A. H. Pinnish, and James Paulson, against the City of Portland, a municipal corporation.

From a decree in favor of plaintiffs, the defendant city appealed. Modified.

Department 1.   Statement by MR. JUSTICE BEAN.

This is a suit to enjoin a sale of certain property by the city treasurer for the purpose of collecting a reassessment against the same for the Riverside sewer

and to cancel certain amounts of interest and costs of advertising the lots upon former attempted sales. A decree was rendered by the trial court in favor of the plaintiffs and the defendant appeals.   MODIFIED.

For appellant there was a brief over the names of *Mr. Walter P. La Roche,* City Attorney, and *Mr. Lyman E. Latourette,* Deputy City Attorney, with an oral argument by *Mr. Latourette.*

For respondents there was a brief over the names of *Mr. Ralph R. Duniway* and *Mr. C. L. Whealdon,* with an oral argument by *Mr. Duniway.*

MR. JUSTICE BEAN delivered the opinion of the court.

1-3. On June 23, 1910, the common council of the defendant City of Portland commenced proceedings for the construction of a system of sewers in that city known as the "Riverside District Sewer," and on or about July 1, 1911, preliminary assessment Ordinance No. 2306 was passed by the council attempting to make a proposed assessment on the property of the plaintiffs located in such sewer district. Objections were filed to such preliminary assessment and thereupon the proceedings were vacated and a reassessment allowed. On November 8, 1911, a reassessment Ordinance No. 24,280 was adopted by the common council. Plaintiffs took an appeal from the reassessment to the Circuit Court pursuant to Section 401 of the city charter. A verdict and judgment was obtained in favor of the municipality declaring the reassessment as prescribed in Ordinance No. 24,280. On appeal to this court the judgment was affirmed: See *City of Portland* v. *Blue,* 77 Or. 131 (149 Pac. 548). The mandate was entered in the Circuit Court August 6, 1915.

The plaintiffs complain that instead of enforcing the judgment in the former case upon execution the city has proceeded to sell the property at a city treasurer's sale. Since this appeal was taken this question has been determined by this court in the case of *West* v. *Scott-McClure Land Co.*, 84 Or. 296 (164 Pac. 554), wherein it was clearly pointed out by Mr. Justice BURNETT that all the proceedings for such a reassessment are purely charter proceedings and that such a sale is properly made by the city treasurer according to the provisions of the charter. The city has a right to collect the reassessment by a treasurer's sale. This leaves for consideration the matter of interest and costs. The city maintains that it has authority to collect interest on the amount of the reassessment from the date of the delinquency of the original assessment. Plaintiffs contend that Ordinance No. 24,280 and the verdict and judgment affirming the same do not provide for such interest. Section 400 of the charter authorizing the council by ordinance to make a reassessment provides:

"Interest thereon from the date of delinquency of the original assessment may be added at the discretion of the council."

An examination of Ordinance No. 24,280 discloses that no interest on the several amounts assessed against the several lots was thereby ordained. It made no provision for such interest thereby indicating that in its judgment none should be charged. This assessment as declared by the ordinance was affirmed by the verdict of the jury and the judgment on the appeal; hence the computation of interest is governed by the general provision. Section 407 of the charter is as follows:

"The Docket of City Liens is a public writing, and from the date of the entry therein of an assessment the sum as entered is hereby declared to be a tax levied and a lien upon such lot, part thereof, or tract of land, which liens shall have priority over all other liens and encumbrances whatsoever thereon, and the sum or sums of money assessed for any local improvement, entered upon such lien docket, shall be due and payable from the date of such entry, and if not paid, or bonded as provided by law, within ten days from the date of such entry, thereafter the same shall be deemed to be delinquent and shall bear interest at the legal rate."

This section considered with Section 400 provides that a valid assessment shall be deemed delinquent and bear interest ten days after the entry thereof in the lien docket. Section 401 of the charter provides in part that

"any person who has filed objections to such new assessment, or reassessment, which have not been satisfied by the amendments made by the council may appeal to the circuit court of the State of Oregon for the county of Multnomah from the assessment against any property owned by him or in which he has an interest."

The appeal transfers the assessment proceedings as to those parties who appeal to the Circuit Court: Page & Jones on Taxation by Assessment, § 1360. An assessment could not be delinquent before it is made or duly declared by ordinance and is complete; hence the most that can be claimed from this charter is that in order to give an invalid assessment sufficient force to have added to it interest from the date the original assessment would, if valid, become delinquent, the council must so declare by ordinance pursuant to the authority of that part of Section 400 above quoted. Such special assessments do not bear interest unless

by a particular provision of law: *Mall* v. *City of Portland,* 35 Or. 89 (56 Pac. 654). It is plainly announced in the opinion in the case of *West* v. *Scott-McClure Land Co.,* 84 Or. 296 (164 Pac. 554), that the proceedings upon an appeal to the Circuit Court from a reassessment are a part of the workings of the machinery of the city and the result is merely a revision of the amounts already levied upon the property by the city ordinance. The ordinance does not become final and the assessment is not complete until the judgment of the Circuit Court finally affirms the same either as revised or *in toto* as the case may be. In the case of *City of Portland* v. *Blue,* 77 Or. 131 (149 Pac. 548), involving the reassessment in question, the judgment of the Circuit Court approving the same became final when the mandate was entered August 6, 1915. Interest could not be added to the various amounts assessed against the property of plaintiffs who took that appeal until ten days thereafter: *Giles* v. *Roseburg,* 82 Or. 67, 70 (160 Pac. 543).

4, 5. It is asserted that the city is entitled to collect the cost of advertising the property for sale. That part of Section 412 of the charter expressly providing for collecting the cost of advertising reads as follows:

"Each piece or tract of land shall be sold, separately, and for a sum equal to but not exceeding the unpaid assessment thereon and the interest and cost of advertising and sale; and when there shall be more than one bid the land shall be sold to the bidder offering to take the same for the least amount of penalty and interest."

The point presented by plaintiff's counsel is that the cost of advertising with reference to attempted sales which were illegal cannot be included. The city's counsel agree to this proposition, but do not

agree that any of the sales referred to in the complaint were illegally attempted. We, therefore, have to consider the question of whether such attempted sales were legal. After certain property owners took the appeal to the Circuit Court from the assessment against their property made by Ordinance 24,280 and while the appeal was pending the auditor issued a delinquency statement to the treasurer who advertised the property and exposed the same for sale. Part of the property was sold, but other portions including most of that described in the complaint was not sold for want of bidders. Some time afterward the auditor issued another delinquency statement to the treasurer who again advertised and exposed for sale the property upon which the assessment had not been collected. The result was similar to the preceding offer. Another like attempt was afterwards made with a similar result. The expense of advertising with reference to these three attempted sales is here in question. What we have already said in regard to the time when the assessment became final in considering the matter of interest is also applicable to the question of costs. The property of those who did not appeal from the reassessment was not affected by the appeal. As to those taking the appeal the time was not ripe for making a sale of their lots to pay for an assessment which was then being adjusted in accordance with the provisions of the charter. That law gave to them the right to take such proceedings and thereby obtain the benefit of having a jury pass upon the amount that should be a lien upon their lots. The only penalty that they should pay is the amount of the costs of the trial in the Circuit Court. When the sales were attempted the amounts to be charged against their property had not been definitely and finally deter-

mined. This must be done before a sale: 10 R. C. L., p. 1291, § 86. The assessment was not then delinquent or due and no valid sale could then be made. The owners should not be burdened with the costs of such invalid attempted sales. It would have been an easy matter for the city officials to have noted the appeal on the lien docket and excluded the lots affected from the delinquency certificate and the advertisement. It was not a matter of the property owners' taking measures to stay the proceeding under Ordinance No. 24,280. Steps were then being taken to make the levy pursuant to the charter in the proper forum, namely, the Circuit Court. The controversy arose by virtue of attempting to collect the assessment before it was levied. Where a sale of property is made under a special power the execution of the power must show upon its face that the statute has been strictly complied with: 10 R. C. L., p. 1289, § 84. The plaintiffs recognize the legality of the demand of the city as established by the judgment on the appeal. The amount of costs and interest are separate and distinct therefrom. Under the general rule equity should lend its aid to correct the erroneous additions of such sums to the amount of the liens: 1 Pom. Eq. Juris., § 26 et seq. Plaintiffs have no remedy at law which would afford them adequate relief in the cancellation of the numerous illegal items.

This suit was dismissed by the trial court as to the following named plaintiffs who did not appeal from the reassessment Ordinance No. 24,280, to wit: Nellie E. Young, W. D. Helene, E. V. Deickworth, G. H. Austin, L. G. Austin, L. L. Mallett, E. F. Ames, Alfred Carlberg, L. J. Winfield, Sarah A. Nolta, Bessie Smith, Ida Bush, A. E. Oberg, Walter Hughes, E. M. Orth, E. L. Casey, James Paulson. The decree of this court will therefore not affect their interests.

The assessment of those of the plaintiffs who did not appeal from Ordinance No. 24,280, namely, E. C. Brown, Grace Finley, U. G. Love, T. V. Ogle and Anna Svoboda, can be affected only as to interest which should be computed from ten days after the reassessment was docketed.

The decree of the lower court is in part as follows:

"And it is further ordered, adjudged and decreed that all entries in the docket of said liens against plaintiffs' property, of costs and expenses of holding said treasurer's sales of plaintiffs' said property since the appeal of the plaintiffs from said reassessment Ordinance No. 24,280 on November 17, 1911, * * be and the same are hereby canceled and held for naught. * * "

That part of the decree as to costs and expenses of the three attempted sales is affirmed and the decree of the lower court will be modified so as to allow the city, if necessary, to proceed with the sale of the lots for the payment of the assessment as affirmed by the verdict and judgment in the Circuit Court with interest on the various amounts at the legal rate from August 16, 1915. Under the circumstances of this case each party should pay his or its own costs in this court.    MODIFIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BENSON and MR. JUSTICE HARRIS concur.